INTERNATIONAL & G. N. RY. CO. et al.
v. DAWSON et al. (No. 7746.)

(Court of Civil Appeals of Texas. Dallas. Jan. 7, 1922.)·

1. Agriculture ⬦⟿8—Johnson grass statute applicable to federal railroad receivers.

The receivers of railway company appointed by a United States court are liable for penalty provided by Rev. St. 1911, arts. 6601, 6602, for allowing Johnson grass to go to seed on the right of way.

2. Receivers ⬦⟿174(1)—Appointed by federal court may be sued in state court without leave.

Where cause of action for penalty for allowing Johnson grass to go to seed on the right of way, under Rev. St. 1911, arts. 6601, 6602, arose against receivers of railway company after they were appointed by a federal court, it was not a necessary prerequisite to maintenance of suit against them that permission of the federal court should first be obtained, under Judicial Code U. S. § 66 (U. S. Comp. St. § 1048.)

Appeal from Ellis County Court; W. M. Tidwell, Judge.

On motion for rehearing. Former opinion (193 S. W. 1145) reversed, and judgment below affirmed, in conformity to Supreme Court's answers to certified questions (232 S. W. 279).

Supple & Harding and Will Hancock, all of Waxahachie, and Wilson, Dabney & King, of Houston, for appellants.

Clyde F. Winn and S. E. Dawson, both of Waxahachie, for appellees.

HAMILTON, J. This cause was decided March 10, 1917, by this court, and the judgment of the trial court was reversed, and judgment was rendered for appellants. The opinion of the court is found at page 1145, 193 S. W., to which reference is made for consideration of it.

The purpose of the suit was to recover statutory penalties against the appellants for allowing Johnson grass to go to seed on the railroad right of way extending through appellees' farm. In reversing and rendering judgment for appellants, this court held that there was no liability for statutory penalties, because the railroad was in the hands of receivers appointed by a federal court, such receivers not being subject to statutory penalties, and also because permission of the federal court by which the receivers were appointed had not been obtained to sue the receivers.

[1] After the case had been so disposed of by this court, the court, upon motion of appellees, certified to the Supreme Court of Texas the following question:

"Are receivers of railway companies appointed by the United States court liable, under articles 6601, 6602, R. S. of this state, for allowing Johnson grass to go to seed on the right of way of the railway company of which they have control? In other words, are we justified in following the case of U. S. v. Harris, 177 U. S. 305?"

This question has been answered in the affirmative by our Supreme Court. See International & G. N. Ry. Co. et al. v. Dawson et al., 232 S. W. 279. Appellees have now filed a motion for rehearing, asking that the judgment of the trial court be affirmed.

[2] It appears that the cause of action upon which this suit was based arose subsequent to the appointment of the receivers, and while the railroad was being operated by them. Under such circumstances, we conclude that it was not a necessary prerequisite to the right of maintaining suit against the receivers that permission of the federal court by whom they were appointed should first be obtained. Section 66, c. 4, Federal Judicial Code (U. S. Comp. St. § 1048); International & G. N. Ry. Co. et al. v. Dawson et al., 232 S. W. 279, supra.

In its answer to the above question certified, the Supreme Court has determined definitely the liability of such receivers for allowing Johnson grass to go to seed in violation of the statute.

Appellees' motion for a rehearing is accordingly granted. The judgment of this court, originally entered, is set aside, and the judgment of the trial court is affirmed.

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes